

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

March 23, 2009

Karl H. Buch
Scott B. Mcbride
Office of the U.S. Attorney
970 Broad Street
Newark, NJ 07101
(*Attorneys for the United States of America*)

Braulio Antonio Batista
#25021-050
Federal Correctional Institution, Fort Dix
P.O. Box 2000 (East)
Fort Dix, NJ 08640
(*Defendant* pro se)

    Re:    <u>United States v. Batista</u>
            <u>Civil Action No. 2:03-CR-00514 (WJM)</u>

Dear Litigants:

    This is a petition by *pro se* prisoner Braulio Batista.  Although phrased as a motion for confirmation and verification of United States citizenship, this petition is properly construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The Court did not hold oral argument.  Fed. R. Civ. P. 78.  For the following reasons, Batista's petition is **DENIED**.

### BACKGROUND AND PROCEDURAL HISTORY

    Batista was arrested on September 19, 2002 for his involvement as a middle-man in a drug sale.  Ultimately, Batista plead guilty to the charge of conspiracy to distribute

150 grams or more of crack cocaine. On June 2, 2005, the Honorable John C. Lifland sentenced Batista to 188 months, based in part on a two level enhancement due to malingering. On August 12, 2008, the Court reduced his sentence from 188 months to 155 months pursuant to 18 U.S.C. § 3582(c)(2). On January 29, 2009, the Court also denied Batista's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Batista now brings this action in reaction to a detainer lodged against him on March 10, 2008 by the United States Immigration and Customs Enforcement ("ICE"). Batista alleges that the detainer is invalid because he has been naturalized since 2001. He further asserts that the detainer precludes him from participating in various rehabilitative and early-release programs offered by the Bureau of Prisons ("BOP") in violation of his rights under the Equal Protection Clause.

As an initial matter, Batista may maintain this claim under 28 U.S.C. § 2241 even though he previously brought a claim under 28 U.S.C. § 2255. Motions pursuant to 28 U.S.C. § 2255 are "the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). In contrast, § 2241 confers habeas jurisdiction for federal prisoners who are challenging the sentence's execution and not the sentence's validity. *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001); *see also U.S. v. Addonizio*, 442 U.S. 178, 185-88 (1979) (holding that § 2255 authorizes challenges to the lawfulness of a federal sentence, not to the lawfulness of the performance of judgment and sentence). Since Batista does not challenge the validity of his sentence, but rather its execution, he can maintain this claim under § 2241.

With regards to Batista's first argument, the Court lacks jurisdiction to address Batista's challenge to the detainer.[1] In order to invoke habeas corpus relief under § 2241,

---

[1] The Court notes that Batista may challenge the allegation that he is not a United States citizen, if and when ICE commences removal proceedings. *See Ramirez v. Hemingway*, Civ. No. 02-74028, 2003 WL 21817256, at *3 (E.D. Mich. July 22, 2003). Alternatively, without addressing the merits, Batista may be able to support a civil claim against the BOP and ICE, under the Privacy Act, 5 U.S.C. § 552a. *See Baptise v. Bureau of Prisons*, 554 F.Supp.2d 1 (D.D.C. 2008). Sections (g)(1)(C)(D) and (g)(4) of the Privacy Act authorize the award of monetary damages. To prevail on such a claim, a plaintiff must establish that: (1) the agency's record is inaccurate; (2) the inaccurate record resulted in an adverse determination; and (3) the agency's acts or omissions were willful or intentional. *Id.* at 3.

a prisoner must demonstrate that he is "in custody" pursuant to the detainer. The Third Circuit has found that a prisoner who is serving a criminal sentence is not "in custody" simply because ICE has lodged a detainer against him with the prison where he is incarcerated. *See Adams v. Apker*, 148 Fed. Appx. 93, 95 (3d Cir. 2005). Batista has failed to demonstrate that he is being held pursuant to the detainer, that he is subject to a final order of removal, or even that removal proceedings have been initiated. Under these circumstances, the Court cannot conclude that Batista is "in custody."

Moreover, Batista's Equal Protection claim lacks merit. Batista alleges that prisoners subject to an ICE detainer lack the ability to participate in various rehabilitative and early release programs. However, prisoners who are ineligible to participate in BOP programs includes both aliens and non-aliens. *See Adams*, 148 Fed. Appx. at 95; *McLean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999) (citing 28 C.F.R. § 550.58).

## **CONCLUSION**

For the foregoing reasons, Batista's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. An appropriate Order accompanies this Letter Opinion.

s/William J. Martini
**William J. Martini, U.S.D.J.**